UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

DERRICK HOWARD,

    Petitioner,

v.

WARDEN, FCI MANCHESTER,

    Respondent.

Civil Action No. 6:25-151-KKC

**MEMORANDUM ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Derrick Howard is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Howard filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") calculation of his sentence. (R. 1). The Court has reviewed Howard's petition pursuant to 28 U.S.C. § 2243 and will dismiss the petition without prejudice because it is clear that Howard failed to exhaust his administrative remedies.

"Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). There is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden who has 20 days to respond. 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director who has 30 days to respond. 28 C.F.R. §§ 542.15 and 542.18. And if the prisoner is not satisfied with the Regional Director's response, he may use a

BP-11 Form to appeal to the General Counsel, who has 40 days to respond. 28 C.F.R. §§ 542.15 and 542.18.

Howard indicates that he filed a BP-9 with the Warden after his BP-8 request for informal resolution was denied. (*See* R. 1 at 5-6). After the Warden either denied or did not respond to the BP-9, Howard "petitioned [Designation and Sentence Computation Center] directly" because "DSCC is the decisionmaker for time computation issues." *Id.* at 6. Howard contends that, because DSCC denied his request, any other pursuit of administrative remedies would be futile. (*See* R. 1-1 at 4).

While a prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available, Howard's appeal to DSCC does not excuse him from completing the administrative remedy process as set forth in 28 C.F.R. §§ 542.10-19. *See, e.g., Blumling v. United States*, No. 4:19cv2587, 2020 WL 4333006, at *8-9 (N.D. Ohio July 28, 2020); *Torres-Perez v. Holland*, No. 12-CV-165-GFVT, 2010 WL 55924, at *2-3 (E.D. Ky. Jan. 4, 2010). Exhaustion of administrative remedies serves two main purposes: (1) it ensures that an agency has an opportunity to review and revise its actions before litigation is commenced and (2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). *See also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.").

Where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust). Accordingly, Howard's § 2241 petition will be dismissed without prejudice so that he can exhaust the prison's administrative remedy program. If Howard is still dissatisfied with the resolution of his request following the conclusion of that process, he is free to file a new habeas corpus petition pursuant to 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** as follows:

1. Howard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (R. 1) is **DISMISSED**, without prejudice.

2. The Court will enter a corresponding Judgment.

This 4th day of September, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY